**SO ORDERED.**
**SIGNED this 3rd day of May, 2016**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_/s/ Nicholas W. Whittenburg_
**Nicholas W. Whittenburg**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Oceanside Healthcare & Rehab, LLC** | ) | Joint Admin. Ch. 11 Case |
| | ) | No. 1:16-bk-10272-NWW |
| **Debtor** | ) | |
| | ) | |
| **Oceanside Healthcare & Rehab, LLC** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Adv. No. 1:16-ap-01016-NWW |
| | ) | |
| **Georgia Department of Community Health; Centers for Medicare and Medicaid Services** | ) ) ) | |
| | ) | |
| **Defendants** | ) | |

**PRELIMINARY INJUNCTION**

This adversary proceeding is before the court on the Debtor's Emergency Motion

to Enforce the Automatic Stay and/or for an Order, Pursuant to 11 U.S.C. § 105, Requir-

ing GDCH to Appear and Show Cause Why It Should Not Be Prohibited from Closing Debtor's Oceanside Nursing Home Facility, filed in the plaintiff's chapter 11 case on April 26, 2016, which the court will treat as a motion in this adversary proceeding for a preliminary injunction. Notice of the hearing on the motion, conducted on May 2, 2016, was given to the defendants.

As more fully stated orally by the court on the record at the conclusion of the hearing, this injunction is being issued on account of the likelihood that the plaintiff will succeed in obtaining a permanent injunction prohibiting the termination of its Medicare and Medicaid provider agreements pending the conclusion of the administrative review process so as to protect the plaintiff's right to reorganize under chapter 11 of the Bankruptcy Code for the benefit of its estate and its creditors, including the right to use, sell, or lease property of the estate and to reject, assume, or assume and assign the provider agreements; this injunction will save the plaintiff and its bankruptcy estate from irreparable injury by depriving it of an opportunity to reorganize under chapter 11 of the Bankruptcy Code; the injunction would not harm others; and the public interest would be served by this injunction. Accordingly, it is

ORDERED that United States Department of Health and Human Services Centers for Medicare and Medicaid Services and the Georgia Department of Community Health and their officers, agents, servants, employees, and attorneys are ENJOINED from terminating the plaintiff's Medicare and Medicaid provider agreements through the earlier of (i) July 1, 2016, or (ii) the completion of the administrative review process pursuant to 42 U.S.C. § 405(g), or (iii) the full administration of the plaintiff's bankruptcy estate pursuant to Title 11 of the United States Code; notwithstanding the foregoing, the

defendants shall have the right to move the court for an order dissolving this injunction in the event of a change in circumstances that might have a material bearing on the analysis resulting in the court's conclusion that injunctive relief is warranted; and it is further

ORDERED that, pursuant to Fed. R. Bankr. P. 7065, the plaintiff need not comply with Fed. R. Civ. P. 65(c); and it is further

ORDERED that the court will conduct a further hearing or trial on the issue of whether this injunction should be extended at 9:00 a.m. on July 1, 2016, in Courtroom A of the Historic U.S. Courthouse, 31 East 11th Street, Chattanooga, Tennessee; and it is further

ORDERED that the plaintiff's request to enforce the automatic stay is DENIED, 11 U.S.C. § 362(b)(4).

###